OPINION {¶ 1} Defendant-appellant, Jerry E. Gregory, was convicted of misdemeanor assault following a jury trial in Clinton County Municipal Court. The trial court sentenced appellant to a maximum 180-day jail term, and ordered that the sentence be "reviewed" after appellant served two of the six months.
 {¶ 2} In a timely pro se appeal, appellant presents what we believe are two assignments of error, the first of which claims the trial court erred by admitting certain photographs into evidence.[1] The black and white photographs in question allegedly depict injuries to the victim. Appellant claims that their introduction violates Evid.R. 1001(3) because the photographs do not accurately reflect the victim's injuries.
 {¶ 3} Although four photographs were marked as an exhibit and are included with the trial court papers, we observe that no transcript of proceedings has been filed in this case. The duty to provide a transcript for appellate review falls upon the appellant since he bears the burden of showing error by reference to matters in the record.State v. Linville, Warren App. No. CA2002-06-057, 2003-Ohio-818, ¶ 5. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and have no choice but to presume the regularity of the lower court's proceeding and affirm. Id.; State v. Ballinger, Warren App. No. CA2003-07-069, 2004-Ohio-4984, ¶ 7, 8.
 {¶ 4} Without a transcript, we cannot determine what testimony accompanied the photographs, how they were identified, or, for that matter, whether they were even admitted into evidence. Even without a transcript, the photographs appear to be prints from a digital program and would therefore qualify as an "original" under Evid.R. 1001(3).[2]
 {¶ 5} Since appellant failed to provide a transcript to demonstrate any error, we presume that the challenged photographs were, if admitted, properly done so under the Rules of Evidence.
 {¶ 6} Appellant's first assignment of error is overruled.
 {¶ 7} In his second assignment of error, appellant claims he was denied equal protection of the law when the trial court ordered a review of his sentence 60 days after it was imposed. Appellant claims this 60-day review order violated his right to appeal his conviction. Since appellant timely appealed his assault conviction, he suffered no prejudice from the trial court's review order. The second assignment of error is overruled.
 {¶ 8} For the reasons set forth above, the trial court's judgment is affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] Although appellant's pro se brief does not include any specific assignments of error, we will address what we believe to be the assigned errors based upon the arguments appellant raises in his brief. We also note that plaintiff-appellee, the state of Ohio, has not filed a brief in this case.
[2] Evid.R. 1001(3) simply defines an "original" of a photograph as including the negative or any print.